Noria ZASSLOW; Milford Zasslow; Sylvia Zasslow; Sarah Zasslow, Plaintiffs—Appellants,

v.

MENLO PARK CITY SCHOOL DISTRICT; Delaine Eastin; California Department of Education, Defendants—Appellees.

No. 01–17427.
D.C. No. CV–01–00537–SC(EDLP).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2003.

Decided Feb. 24, 2003.

Before TROTT, RYMER and TALLMAN, Circuit Judges.

## MEMORANDUM *

Noria and Milford Zasslow, along with their daughters Sarah and Sylvia (the Zasslows), appeal the district court's grant of summary judgment in favor of the Menlo Park City School District (Menlo Park) and the district court's affirmance of a California Special Education Hearing Officer's decision in a dispute over speech and language services. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

### I

The Zasslows argue that Menlo Park violated the Individuals with Disabilities Education Act (IDEA) by providing speech and language therapy through school personnel rather than through a private provider because frequent staff turnover at the school prevented continuity in the relationship between Sarah Zasslow and her therapist. However, the record shows that the school employed a speech and language therapist throughout this ongoing dispute who was qualified to provide therapy to Sarah and thus complied with the IDEA by providing a "free appropriate public education" (FAPE). See 20 U.S.C. § 1412(a)(1). A school need not provide instruction that is the "absolutely best or potential maximizing" to comply with the IDEA. *Amanda J. v. Clark County Sch. Dist.*, 267 F.3d 877, 890 (9th Cir.2001) (citation omitted). The Zasslows' reliance on *Capistrano Unified Sch. Dist. v. Wartenberg*, 59 F.3d 884, 895–97 (9th Cir.1995), to argue that Sarah was denied a FAPE and that Menlo Park must pay for a private speech therapist is misplaced because, unlike the student in *Capistrano*, Menlo Park's program for Sarah addressed her need for speech and language therapy and was in conformity with Sarah's individualized education program.

The Zasslows also argue that the hearing officer should not have decided that Menlo Park could provide Sarah speech

---

and language services on a pull-out basis because neither the Zasslows nor Menlo Park requested that this issue be a part of the due process hearing. The hearing officer examined the issue of pull-out services to determine whether Menlo Park's speech and language program provided Sarah with a FAPE. While the Zasslows objected to the hearing officer considering pull-out services, they did not request a continuance. In addition, they had an opportunity to adduce evidence on the point before the district court. The court considered their proffer of Dr. Marone's declaration, opining that children such as Sarah need continuity with a speech and language therapist in order to have success, together with testimony from Sarah's teachers and speech therapists that pull-out therapy would be more beneficial to Sarah. The district court did not err in concluding that no genuine issue of material fact existed on the use of pull-out services.

## II

■ The Zasslows argue that they should be excused from exhausting claims related to Sylvia because Menlo Park would engage in the same conduct toward her as toward Sarah. We have stressed the importance of agency review of individual cases under the IDEA, *see Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1308 (9th Cir.1992), and the Zasslows did not carry their burden of showing the futility of the IDEA procedures, *see Robb v. Bethel Sch. Dist. No. 403*, 308 F.3d 1047, 1050 n. 2 (9th Cir.2002) (noting that the party alleging the futility of the IDEA procedures bears the burden of proof). Finally, their reliance on *Witte v. Clark County Sch. Dist.*, 197 F.3d 1271, 1275 (9th Cir.1999), to excuse exhaustion is misplaced because they are not seeking only monetary relief.

## III

■ The Zasslows contend that they are entitled to emotional distress damages under the IDEA. However, the Zasslows are not entitled to emotional distress damages because those damages are not available under the IDEA. *Witte*, 197 F.3d at 1275.

## IV

■ The Zasslows maintain that Menlo Park's insistence on a referral for Sarah, offer of only one hour per week of speech therapy, and failure to reimburse the Zasslows for a second hour per week of speech therapy evidence a continuous pattern of discrimination that entitles them to relief under the Rehabilitation Act, 29 U.S.C. § 794. We disagree. Although Menlo Park's conduct may have fallen short of its IDEA obligations upon occasion, nothing to which the Zasslows point indicates intentional discrimination on account of disability. *See Ferguson v. City of Phoenix*, 157 F.3d 668, 674 (9th Cir.1998) (holding that compensatory damages are not available under the Rehabilitation Act absent a showing of discriminatory intent); *Lovell v. Chandler*, 303 F.3d 1039, 1056 (9th Cir. 2002) (noting that the deliberate indifference standard applies to discriminatory intent showing under the Rehabilitation Act).

## V

■ The Zasslows argue that the Menlo Park City School District is not entitled to sovereign immunity under the Eleventh Amendment because they seek only injunctive relief rather than retrospective damages. The Zasslows' argument is without merit because California school districts are state agencies for purposes of Eleventh Amendment immunity. *Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 251 (9th Cir.1992). The Zasslows' complaint did not name a Menlo Park offi-

**30**

cial in her official capacity to seek prospective relief under *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.